# EXHIBIT A

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

_____X

ARSHAD MAHMOOD WARRAICH,

Index No.:      **023338**

Plaintiff,

**SUMMONS**

-against-

Plaintiff's Residence Address:
32-50 70th Street, Apt. 5F
East Elmhurst, NY 11370

CITIBANK N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

Defendant(s).

_____X

Defendants' addresses:

The basis of this venue is:
Plaintiff's address

Citibank N.A.
399 Park Ave Front. 1
New York, NY 10022

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626



Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York,

County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Queens, New

York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from November 5, 2020, together with the costs of this action.

Dated: November 5, 2020

Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
Attorney for Plaintiff
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Tel: (718) 674-1245

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

_____X

ARSHAD MAHMOOD WARRAICH,                    Index No.:

       Plaintiff,

v.                                          **VERIFIED COMPLAINT**

CITIBANK N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

       Defendants.

_____X

By and through the undersigned counsel, Plaintiff Arshad Mahmood Warraich ("Plaintiff"), with

knowledge as to his own acts and investigation of counsel as to the acts of others, believing that

further investigation and discovery will confirm that such allegations have substantial

evidentiary support, alleges as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the

   New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY

   FCRA"), Plaintiff brings this action against Citibank N.A. ("Citibank"), Equifax

   Information Services, LLC ("Equifax"), Experian Information Solutions, Inc.

   ("Experian"), and Trans Union, LLC ("Trans Union"; together Equifax, Experian, and

   Trans Union are the "CRAs" or "CRA Defendants") to recover actual, statutory, and

   punitive damages, as well as costs and attorney's fees and injunctive relief.

1

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. As set forth herein, each Defendant denied Plaintiff the protections provided by the FCRA and the NY FCRA concerning Citibank account number 512107********** ("SEARS/CBNA account").

6. On June 2020, Plaintiff sent dispute letters to Equifax, Experian, and Trans Union informing each CRA Defendant that it was reporting an inaccurate balance (charges) for the SEARS/CBNA account. As a result, Equifax, Experian, and Trans Union sent

2

Plaintiff investigation results unlawfully verifying that the inaccurate balance (charges) was accurately reporting.

7. On July 2020, Plaintiff sent a second round of dispute letters to Equifax, Experian, and Trans Union once again informing each CRA Defendant that it was reporting an inaccurate balance (charges) for the SEARS/CBNA account. As a result, Equifax, Experian, and Trans Union once again sent Plaintiff investigation results unlawfully verifying that the inaccurate balance (charges) was accurately reporting.

8. On August 2020, Plaintiff sent a third round of dispute letters to Equifax, Experian, and Trans Union once again informing each CRA Defendant that it was reporting an inaccurate balance (charges) for the SEARS/CBNA account. As a result, Equifax, Experian, and Trans Union once again sent Plaintiff investigation results unlawfully verifying that the inaccurate balance (charges) was accurately reporting.

9. On September 2020, Plaintiff sent a fourth round of dispute letters to Equifax, Experian, and Trans Union once again informing each CRA Defendant that it was reporting an inaccurate balance (charges) for the SEARS/CBNA account. As a result, Equifax, Experian, and Trans Union once again sent Plaintiff investigation results unlawfully verifying that the inaccurate balance (charges) was accurately reporting.

10. Upon information and belief, after receiving notice of Plaintiff's disputes from Equifax, Experian, and Trans Union, and notwithstanding the fact that Citibank *knew* that the inaccurate balance (charges) it was reporting to CRA Defendants was inaccurate, Citibank repeatedly verified the inaccurate balance (charges) to all three CRAs.

11. Despite Plaintiff's disputes, no CRA Defendant corrected the inaccurate balance (charges) it was reporting. Upon information and belief, all three CRA Defendants

3

continue to report the inaccurate balance (charges) for the SEARS/CBNA account to this day.

12. Citibank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the inaccurate balance (charges) for the SEARS/CBNA account reporting on Plaintiff's credit reports with Equifax, Experian, and Trans Union, respectively;

    b. failing to review all relevant information provided to Citibank by each CRA Defendant concerning Plaintiff's disputes; and

    c. failing to promptly modify, delete, or permanently block any and all disputed information about the SEARS/CBNA account on Plaintiff's credit file with each CRA Defendant that Citibank could not affirmatively verify as accurate.

13. Similarly, each CRA Defendant is liable to Plaintiff for violations of several provisions of § 1681i of the FCRA due to their respective acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct reasonable investigations of the disputed SEARS/CBNA account tradeline to determine whether the information Plaintiff disputed was accurate, and (ii) record the correct status of the SEARS/CBNA account, in violation of § 1681i(a)(1);

    b. failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes about the SEARS/CBNA account, in violation of § 1681i(a)(4); and

4

    c. failing to promptly update the disputed SEARS/CBNA account tradeline on
Plaintiff's credit file despite the fact that no CRA Defendant could have affirmatively
verified the inaccurate balance (charges) as accurate upon a lawful reinvestigation of
Plaintiff's disputes, in violation of § 1681i(a)(5).

14. As a direct and proximate result of each Defendant's negligent and willful actions,
conduct, and omissions, Plaintiff suffered actual damages, cognizable pursuant to the
FCRA. Such damages include but are not necessarily limited to the following:
impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for
creditworthiness, emotional distress, embarrassment, aggravation, and frustration.[1]

15. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive
damages.

## PARTIES

16. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. §
1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides at 32-50 70th Street,
Apt. 5F, East Elmhurst, NY 11370.

17. Citibank is a bank that furnishes consumer credit information to consumer reporting
agencies. It has a principal place of business located at 399 Park Ave Front. 1, New York,
NY 10022.

18. Citibank is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. §
1681s-2 et seq.).

---

[1] Plaintiff may have also suffered direct credit harm due to Defendants' violations of the FCRA and NY FCRA.
Plaintiff intends to inquire into the extent of direct credit harm he may have suffered through discovery from
Defendants and third-parties.

5

19. Equifax, Experian, and Trans Union are consumer reporting agencies as defined by the
FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

## FACTUAL ALLEGATIONS

20. On or around June 2020, Plaintiff ran his Equifax, Experian, and Trans Union credit
reports and noticed that Defendant Citibank was reporting an inaccurate balance
(charges), associated with Plaintiff's SEARS/CBNA account, on Plaintiff's Equifax,
Experian, and Trans Union credit reports. Specifically, Plaintiff noticed that Defendant
Citibank was reporting a balance (charges) totaling more than $23,000.00 on Plaintiff's
SEARS/CBNA account.

21. However, this inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA
account, is inaccurate because Plaintiff was the victim of identity theft. Although, the
SEARS/CBNA account belongs to Plaintiff (Plaintiff previously purchased a refrigerator,
but had paid off the full balance on his SEARS/CBNA account), an unknown
individual(s) tempered with Plaintiff's SEARS/CBNA account at a date unknown to
Plaintiff. This unknown individual(s) made fraudulent transactions on Plaintiff's
SEARS/CBNA account.

22. As a result, on or around June 8, 2020, Plaintiff filed an Identity Theft Victim's
Complaint and Affidavit.

23. On or around June 29, 2020, Plaintiff also filed a police report reporting the identity theft.

24. Following Plaintiff's disputes, all Defendants failed to perform FCRA-required
reasonable investigations. As such, Defendant Citibank unlawfully verified the disputed
inaccurate balance (charges) and each CRA Defendant, in turn, continued to report an
incorrect, and therefore unverifiable, inaccurate balance (charges) on (a) Plaintiff's credit

6

reports and, upon information and belief, (b) consumer reports about Plaintiff that each

CRA Defendant prepared and distributed to third-parties.

*Equifax reported (and is likely still reporting) an inaccurate balance (charges) for Plaintiff's*

*SEARS/CBNA account*

25. Equifax has reported and likely continues to report, a tradeline for Plaintiff's

SEARS/CBNA account showing an inaccurate balance (charges).

*Experian reported (and is likely still reporting) an inaccurate balance (charges) for Plaintiff's*

*SEARS/CBNA account*

26. Experian has reported and likely continues to report, a tradeline for Plaintiff's

SEARS/CBNA account showing an inaccurate balance (charges).

*Trans Union reported (and is likely still reporting) an inaccurate balance (charges) for*

*Plaintiff's SEARS/CBNA account*

27. Trans Union has reported and likely continues to report, a tradeline for Plaintiff's

SEARS/CBNA account showing an inaccurate balance (charges).

*Plaintiff's Disputes*

   *Equifax Disputes and Dispute Results*

28. By letter dated June 9, 2020, Plaintiff wrote Defendant Equifax to dispute the inaccurate

balance (charges) that Defendant Equifax was reporting concerning Plaintiff's

SEARS/CBNA account. Specifically, Plaintiff informed Equifax of the following: "I am

contacting you about the compromising of my social security number. I am a victim of

Identity Theft. I have filled out victim of id theft and also tried to get police were unable

due to coronavirus." Plaintiff also requested that Equifax remove the inaccurate

information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's

7

Complaint and Affidavit with his June 9, 2020 letter. Plaintiff's June 9, 2020 letter was sent via certified mail.

29. Plaintiff did not receive a response from Equifax. However, Equifax continued to report the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, on Plaintiff's Equifax credit report.

30. By letter dated July 7, 2020, Plaintiff once again wrote Defendant Equifax to dispute the inaccurate balance (charges) that Defendant Equifax was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Equifax of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft booklet and obtained a police report." Plaintiff also once again requested that Equifax remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's Complaint and police report with his July 7, 2020 letter. Plaintiff's July 7, 2020 letter was sent via certified mail.

31. Plaintiff once again did not receive a response from Equifax. However, Equifax continued to report the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, on Plaintiff's Equifax credit report.

32. By letter dated July 7, 2020 (but re-sent on August 7, 2020), Plaintiff once again wrote Defendant Equifax to dispute the inaccurate balance (charges) that Defendant Equifax was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Equifax of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft booklet and obtained a police report." Plaintiff also once again requested that Equifax

8

remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his

Identity Theft Victim's Complaint and police report with his re-sent July 7, 2020 letter.

Plaintiff's re-sent July 7, 2020 letter was sent via certified mail.

33. Plaintiff once again did not receive a response from Equifax. However, Equifax

continued to report the inaccurate balance (charges), associated with Plaintiff's

SEARS/CBNA account, on Plaintiff's Equifax credit report (according to Plaintiff's

September 1, 2020 credit report).

34. By letter dated September 22, 2020, Plaintiff once again wrote Defendant Equifax to

dispute the inaccurate balance (charges) that Defendant Equifax was reporting concerning

Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Equifax of the

following: "I am contacting you about the compromising of my social security number. I

am a victim of Identity Theft. I filled out the Victim of Id Theft and Police report both of

which are attached." Plaintiff also once again requested that Equifax remove the

inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft

Victim's Complaint and police report with his September 22, 2020 letter. Plaintiff's

September 22, 2020 letter was sent via certified mail.

35. Plaintiff once again did not receive a response from Equifax. However, Equifax

continued to report the inaccurate balance (charges), associated with Plaintiff's

SEARS/CBNA account, on Plaintiff's Equifax credit report.

*Experian Disputes and Dispute Results*

36. By letter dated June 9, 2020, Plaintiff wrote Defendant Experian to dispute the inaccurate

balance (charges) that Defendant Experian was reporting concerning Plaintiff's

SEARS/CBNA account. Specifically, Plaintiff informed Experian of the following: "I am

9

contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft and also tried to get police were unable due to coronavirus." Plaintiff also requested that Experian remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's Complaint and Affidavit with his June 9, 2020 letter. Plaintiff's June 9, 2020 letter was sent via certified mail.

37. Plaintiff received dispute results from Experian dated July 9, 2020. Experian's dispute results unlawfully verified that the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, was correctly reporting.

38. By letter dated July 7, 2020, Plaintiff once again wrote Defendant Experian to dispute the inaccurate balance (charges) that Defendant Experian was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Experian of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft booklet and obtained a police report." Plaintiff also once again requested that Experian remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's Complaint and police report with his July 7, 2020 letter. Plaintiff's July 7, 2020 letter was sent via certified mail.

39. Plaintiff did not receive a response from Experian. However, Experian continued to report the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, on Plaintiff's Experian credit report.

40. By letter dated July 7, 2020 (but re-sent on August 7, 2020), Plaintiff once again wrote Defendant Experian to dispute the inaccurate balance (charges) that Defendant Experian

10

was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff
informed Experian of the following: "I am contacting you about the compromising of my
social security number. I am a victim of Identity Theft. I have filled out victim of id theft
booklet and obtained a police report." Plaintiff also once again requested that Experian
remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his
Identity Theft Victim's Complaint and police report with his re-sent July 7, 2020 letter.
Plaintiff's re-sent July 7, 2020 letter was sent via certified mail.

41. Plaintiff once again did not receive a response from Experian. However, Experian
    continued to report the inaccurate balance (charges), associated with Plaintiff's
    SEARS/CBNA account, on Plaintiff's Experian credit report (according to Plaintiff's
    September 1, 2020 credit report).

42. By letter dated September 22, 2020, Plaintiff once again wrote Defendant Experian to
    dispute the inaccurate balance (charges) that Defendant Experian was reporting
    concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Experian
    of the following: "I am contacting you about the compromising of my social security
    number. I am a victim of Identity Theft. I filled out the Victim of Id Theft and Police
    report both of which are attached." Plaintiff also once again requested that Experian
    remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his
    Identity Theft Victim's Complaint and police report with his September 22, 2020 letter.
    Plaintiff's September 22, 2020 letter was sent via certified mail.

43. Plaintiff once again did not receive a response from Experian. However, Experian
    continued to report the inaccurate balance (charges), associated with Plaintiff's

11

SEARS/CBNA account, on Plaintiff's Experian credit report (according to Plaintiff's October 26, 2020 credit report).

*Trans Union Disputes and Dispute Results*

44. By letter dated June 9, 2020, Plaintiff wrote Defendant Trans Union to dispute the inaccurate balance (charges) that Defendant Trans Union was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Trans Union of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft and also tried to get police were unable due to coronavirus." Plaintiff also requested that Trans Union remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's Complaint and Affidavit with his June 9, 2020 letter. Plaintiff's June 9, 2020 letter was sent via certified mail.

45. Plaintiff received dispute results from Trans Union dated July 2, 2020. Trans Union's dispute results unlawfully verified that the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, was correctly reporting.

46. By letter dated July 7, 2020, Plaintiff once again wrote Defendant Trans Union to dispute the inaccurate balance (charges) that Defendant Trans Union was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Trans Union of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft booklet and obtained a police report." Plaintiff also once again requested that Trans Union remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's

12

Complaint and police report with his July 7, 2020 letter. Plaintiff's July 7, 2020 letter was sent via certified mail.

47. Plaintiff once again received dispute results from Trans Union dated July 30, 2020. Trans Union's dispute results once again unlawfully verified that the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, was correctly reporting.

48. By letter dated July 7, 2020 (but re-sent on August 7, 2020), Plaintiff once again wrote Defendant Trans Union to dispute the inaccurate balance (charges) that Defendant Trans Union was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Trans Union of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I have filled out victim of id theft booklet and obtained a police report." Plaintiff also once again requested that Trans Union remove the inaccurate information from Plaintiff's credit report. Plaintiff attached his Identity Theft Victim's Complaint and police report with his re-sent July 7, 2020 letter. Plaintiff's re-sent July 7, 2020 letter was sent via certified mail.

49. Plaintiff once again received dispute results from Trans Union dated August 22, 2020. Trans Union's dispute results once again unlawfully verified that the inaccurate balance (charges), associated with Plaintiff's SEARS/CBNA account, was correctly reporting.

50. By letter dated September 22, 2020, Plaintiff once again wrote Defendant Trans Union to dispute the inaccurate balance (charges) that Defendant Trans Union was reporting concerning Plaintiff's SEARS/CBNA account. Specifically, Plaintiff informed Trans Union of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft. I filled out the Victim of Id Theft and Police report both of which are attached." Plaintiff also once again requested that Trans

13

Union remove the inaccurate information from Plaintiff's credit report. Plaintiff attached

his Identity Theft Victim's Complaint and police report with his September 22, 2020

letter. Plaintiff's September 22, 2020 letter was sent via certified mail.

51. Plaintiff once again did not receive a response from Trans Union. However, Trans Union

continued to report the inaccurate balance (charges), associated with Plaintiff's

SEARS/CBNA account, on Plaintiff's Trans Union credit report (according to Plaintiff's

October 26, 2020 credit report).

### *Damages*

52. Because of Defendants' misconduct, Plaintiff suffered actual damages cognizable

pursuant to the FCRA and NY FCRA.

53. Such damages include but are not necessarily limited to the following: impediments to

Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness,

emotional distress, embarrassment, aggravation, and frustration.

54. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting

caused him credit harm in the form of credit denials and/or other adverse actions with

respect to existing credit.

55. In addition, the inaccurate SEARS/CBNA tradeline reported by Equifax, Experian, and

Trans Union, respectively, has cost, and continues to cost, Plaintiff time and effort and

expense in pursuit of corrected credit reports.

## FIRST CAUSE OF ACTION

### Violations of FCRA § 1681s-2(b) Against
### Defendant Citibank
### (Furnisher of Information)

56. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged

14

herein.

57. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

58. Citibank violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Equifax, Experian, and Trans Union;

   b. failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

   c. failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

34. Had Citibank performed reasonable investigations required by the FCRA, it could not have verified that the disputed balance (charges) reported by Equifax, Experian, and Trans Union was accurate. Nevertheless, Citibank did verify to each CRA Defendant that the disputed balance (charges) that those Defendants were reporting was accurate. In so doing, Citibank violated § 1681s-2(b).

35. Because of Citibank's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

15

36. Citibank's violations of § 1681s-2(b) were willful, rendering Citibank liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

37. In the alternative, Citibank's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from Citibank pursuant to § 1681o.

## SECOND CAUSE OF ACTION

### Violations of FCRA § 1681i
### Against Defendants Equifax, Experian, and Trans Union
### (Consumer Reporting Agencies)

38. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

39. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

40. Each CRA Defendant violated multiple sections of 15 U.S.C. § 1681i by their respective acts and omissions, including, but not limited to, the following:

    a. failing to conduct a reasonable reinvestigation of Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit file in violation of § 1681i(a)(1);

16

  b. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

  c. failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

41. Had CRA Defendants reasonably investigated Plaintiff's disputes, these Defendants could not have verified that they were reporting an accurate balance (charges) for Plaintiff's SEARS/CBNA account. Nevertheless, following Plaintiff's disputes, Equifax, Experian, and Trans Union each verified and continued to report the inaccurate balance (charges) for Plaintiff's SEARS/CBNA account. In so doing, CRA Defendants each violated § 1681i (and a corresponding provision of the NY FCRA).

42. Because of CRA Defendants' respective FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

43. Violations of § 1681i by Equifax, Experian, and Trans Union were willful, rendering each CRA Defendant liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

44. In the alternative, CRA Defendants' respective violations of § 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from each CRA Defendant pursuant to § 1681o.

## THIRD CAUSE OF ACTION

### Violations of NY FCRA § 380-f and § 380-j
### Against Defendants Equifax, Experian, and Trans Union
### (Consumer Reporting Agencies)

45. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged

17

herein.

46. Equifax, Experian, and Trans Union violated multiple sections of the NY FCRA (NY GBL §§ 380-380-u) by their respective acts and omissions.

47. Each CRA Defendant violated the NY FCRA by:

    a.  failing to promptly and properly reinvestigate Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status of the disputed information in violation of § 380-f(a);

    b.  failing to maintain reasonable procedures to assure maximum possible accuracy of information maintained in Plaintiff's credit file, in violation of § 380-j(a); and

    c.  failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports that Equifax, Experian, and Trans Union distributed to third parties, in violation of § 380-j(e).

48. These violations of § 380-f and § 380-j were willful, making each CRA Defendant liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining Equifax, Experian, and Trans Union from any further violations of Plaintiff's rights pursuant to the NY FCRA.

49. In the alternative, each CRA Defendant's violations of §§ 380-f and 380-j were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

50. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

18

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

2. Ordering the CRA Defendants to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning Plaintiff's SEARS/CBNA account from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning Plaintiff's SEARS/CBNA account to any and all persons and entities to whom CRA Defendants report consumer credit information; and

   b. send updated and corrected consumer reports to all persons and entities to whom CRA Defendants have reported inaccurate information about Plaintiff's SEARS/CBNA account;

3. Enjoining CRA Defendants from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

19

Dated: November 5, 2020

Respectfully submitted,

_____

Subhan Tariq, Esq.
Attorney I.D # 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

20 .

## **VERIFICATION**

Arshad Warraich, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matter, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Arshad Warraich, Plaintiff

Sworn to before me this 5th
day of November, 2019 2020

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 20__